IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| OWNERS INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:24-cv-479 (MTT) |
| | ) |
| TYLER J. WRIGHT, *et. al* | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

The plaintiff, Owners Insurance Company, filed this action against Tyler Wright, Julian Johnson, and Linda Williams, seeking a declaratory judgment that Owners has no duty to defend or indemnify Johnson or Williams for claims brought against them by Wright in the State Court of Houston County, Ga. Doc. 1. The defendants have moved to dismiss Owners' complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[1] Docs. 4; 8. As the parties argue in their briefs, the question is whether the complaint properly raises an issue of whether Owners owes its insured a duty to defend. Docs. 4 at 6-9; 10 at 6-10. However, Owners' terse complaint fails to state a claim for declaratory relief and thus the Court cannot determine whether it has subject matter jurisdiction.

**I. DISCUSSION**

On October 24, 2024, Wright filed a lawsuit against Williams and Johnson in the State Court of Houston County. Doc. 1 ¶ 12. In that lawsuit, Wright alleges that he

---

[1] Williams and Johnson moved to dismiss on March 10, 2025. Doc. 4. On March 21, Wright moved to dismiss, adopting and joining his co-defendants' brief in support of dismissal. Docs. 8; 8-1.

sustained injuries "after being struck and run over by Johnson, who then fled the scene." *Id.* ¶ 13. According to Owners, "Wright alleges Johnson was negligent in proximately causing Wright's injuries and that Williams, Johnson's grandmother, is directly and vicariously liable as the owner of the vehicle Johnson was driving." *Id.* ¶ 1.

At the time of the accident, Williams' vehicle was insured by Owners. *Id.* ¶ 17. The applicable policy contains an intentional act exclusion, which excludes coverage "to any person for bodily injury or property damage arising out of or resulting from an intentional act of that person." Docs. 1 ¶ 18; 1-5 at 55. The intentional act exclusion "applies only to the extent that the limit of liability exceeds the limit of liability required by the Georgia Motor Vehicle Safety Responsibility Act." *Id.* The Georgia Motor Vehicle Safety Responsibility Act requires a minimum of $25,000 in coverage. O.C.G.A. §§ 33-7-11; 40-9-37. Owners has tendered $25,000 to Williams. Doc. 1 ¶ 28. However, Owners alleges it "owes no additional coverage" because "Johnson committed an intentional act when he used the subject vehicle to strike Wright." *Id.* ¶ 21, 29.

"Insurance is a matter of contract and the parties are bound by the terms of the policy." *Richmond v. Ga. Farm Bureau Mut. Ins. Co.*, 140 Ga. App. 215, 221, 231 S.E.2d 245, 249-50 (1976). "[T]he insurer is obligated to defend where…the allegations of the complaint against the insured are ambiguous or incomplete with respect to the issue of insurance coverage." *Penn-Am. Ins. Co. v. Disabled AM. Veterans, Inc.*, 268 Ga. 564, 565, 490 S.E.2d 374, 376 (1997). Thus, "an insurer's duty to defend is 'determined by comparing the allegations of the complaint with the provisions of the policy.'" *Travelers Casualty Insurance Co. of America v. Bozovich*, 367 Ga. App. 868, 871, 888 S.E.2d 656, 659 (2023). "It is only where the complaint sets forth true factual

allegations showing no coverage that the suit is one for which liability insurance coverage is not afforded and for which the insurer need not provide a defense." *Penn-Am. Ins. Co.*, 268 Ga. at 565, 490 S.E.2d at 374.  "Though the duty to defend and the duty to indemnify are independent obligations and should be analyzed separately, the absence of a duty to defend is dispositive of the duty to indemnify." *Travelers Indem. Co. of Connecticut v. Peachstate Auto Ins. Agency, Inc.*, 357 F. Supp. 3d 1259, 1264 (N.D. Ga) (citations omitted).

Here, Owners alleges that the policy's intentional act exclusion bars coverage. Docs. 1; 10 at 2.  However, Owners does not plausibly allege that Wright's claims against Johnson and Williams are "for bodily injury or property damage arising out of or resulting from an intentional act," as required under the policy's intentional act exclusion.  Doc. 1-5 at 55.  Instead, the statement of facts section in Owners' complaint alleges only that "Wright claims damages due to Johnson's *negligence*."  Doc. 1 ¶ 10 (emphasis added).  Otherwise, Owners makes only conclusory allegations in its claim for relief that Johnson's acts were intentional.  S*ee, e.g.*, Doc. 1 ¶ 28 ("The Intentional Act Exclusion applies to preclude coverage for Johnson and Williams because Wright's claims in the underlying action allege bodily injury to Wright arising out of bodily injury to him by Johnson's intentional act of striking Wright.").  And "[c]onclusory allegations are not entitled to the assumption of truth." *McCullough v. Finley*, 907 F.3d 1324, 1333 (11th Cir. 2018).  Owners fails to plausibly allege that Johnson's acts were intentional and has, thus, failed to state a claim for declaratory relief under Rule 12(b)(6).

The parties address the Owners' insufficient allegations, but Owners did not seek leave to amend its complaint.  However, because these defendants move to dismiss for

lack of subject matter jurisdiction, the Court will afford Owners an opportunity to amend its claim to raise the issue of whether it owes a duty to defend.  Owners shall file its amended complaint by June 20, 2025.

**SO ORDERED**, this 6th day of June, 2025.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT