**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| **OWNERS INSURANCE COMPANY,**    ) | |
|          ) | |
|     **Plaintiff,**      ) | |
|          ) | |
|     **v.**         ) | **CIVIL ACTION NO. 5:24-cv-479 (MTT)** |
|          ) | |
| **TYLER J. WRIGHT,** *et. al*    ) | |
|          ) | |
|     **Defendants.**     ) | |
| _____ ) | |

## <u>ORDER</u>

The Defendants move to dismiss this declaratory judgment action for lack of subject matter jurisdiction. ECF 33; 34. The Defendants contend that the Plaintiff, Owners Insurance Company, "fails to present an actual case or controversy ripe for adjudication." ECF 33-1 at 4. For the following reasons, the Court **STAYS** this action and **DENIES** the Defendants' motions to dismiss as moot.

Owners has filed this declaratory judgment action, seeking a declaration that it has no duty to defend or indemnify Defendants Julius Johnson or Linda Williams with respect to an action brought against them by Defendant Tyler Wright in the State Court of Houston County. ECF 30 ¶ 1. Wright's claims arise from a November 1, 2023 incident in which Johnson allegedly struck Wright with a vehicle, causing serious injuries. *Id.* The vehicle Johnson drove was owned by Williams, who is Johnson's grandmother. *Id.* In the underlying case, Wright asserts a negligence claim against Johnson and alleges that Williams is also directly and vicariously liable for his injuries. ECF 30-1 ¶ 17, 19.

At the time of the incident, Williams had an automobile insurance policy issued to her by Plaintiff Owners Insurance Company.  ECF 30 ¶ 18. The policy contains an

intentional acts exclusion, which applies "to any person for **bodily injury** or **property damage** arising out of or resulting from an intentional act of that person." *Id.* ¶ 19. However, the intentional acts exclusion "applies only to the extent that the limit of liability exceeds the liability required by the Georgia Motor Vehicle Safety Responsibility Act." *Id.* Georgia's minimum required automobile liability coverage for bodily injury is $25,000. O.C.G.A. § 33-7-11.  Owners contends that because Johnson's actions were intentional, it owes no duty to defend or indemnify Johnson or Williams beyond the $25,000 statutory minimum. ECF 1; 30. "Owners has already tendered the statutory minimum of $25,000," but its tender has not been accepted. ECF 30 ¶ 29.

Owners agrees that it "has a duty to defend Johnson and Williams in the underlying action up until the statutory minimum of $25,000 for bodily injury has been paid and accepted." ECF 30 ¶ 24. The issue of whether Owners has a duty to defend after that is not ripe.[1] *Id.* ¶¶ 24, 25, 29.

Because Owners' duty to defend depends on developments of the underlying action, the Court concludes that a stay of this action is appropriate. Accordingly, this action is **STAYED** pending further development in the state court action. In six months, counsel shall submit a status report. The motions to dismiss (ECF 33; 34) are **DENIED** as moot.

**SO ORDERED**, this 23rd day of April, 2026.

---

[1] *See Liberty Surplus Ins. Corp v. Kaufman Lynn Constr., Inc.*, 130 F.4th 903, 910 (11th Cir. 2025) ("A 'claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" (citation modified)); *Home-Owners Ins. Co. & Owners Ins. Co. v. TL Williams & Assocs.*, 2021 U.S. Dist. LEXIS 255632, at *3-4 (N.D. Ga. 2021) ("A controversy exists regarding the duty to defend when the insured seeks a defense from the insurance company *but the insurance company denies that it is so obligated*." (emphasis added)); *Mid-Continent Cas. Co. v. Delacruz Drywall Plastering & Stucco, Inc.*, 766 F. App'x 768, 771 (11th Cir. 2019) (finding that a declaratory judgment action regarding the insurer's duty to indemnify is not ripe when the duty to defend is not at issue).

-3-

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT